Filed 6/27/25  P. v. Shelton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C102260 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF02861) |
| v. | |
| CODY DOUGLAS SHELTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Cody Douglas Shelton has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The complaint, deemed an information, charged defendant with corporal injury to a spouse, cohabitant or parent.  (Pen. Code, § 273.5, subd. (a); statutory section citations that follow are found in the Penal Code unless otherwise stated.)  The information also

1

alleged defendant personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).)

The victim reported she and defendant had been dating and living in their home in Oroville. The two got into an argument about defendant's use of fentanyl. Defendant grabbed the victim by the hair and threw her to the ground like a "rag doll" breaking her shoulder.

Defendant agreed to plead no contest to corporal injury to a spouse, cohabitant or parent (§ 273.5, subd. (a)) in exchange for a stipulated upper term of four years in prison and dismissal of the great bodily injury allegation.

Defendant entered his plea as agreed.

The trial court sentenced defendant to the stipulated upper term of four years in prison and dismissed the great bodily injury allegation. The trial court found defendant had 196 days of credit and imposed a $300 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), $40 in court operations assessment fee (§ 1465.8), and $30 in conviction assessments (Gov. Code, § 70373). The trial court reserved jurisdiction on the issue of restitution.

Defendant filed a timely notice of appeal, and the trial court denied his request for a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:


_____
EARL, P. J.


_____
KRAUSE, J.

3